Oakley, J.
after slating the pleadings in the cause,—It was contended, on the argument, by the defendants, that the plaintiffs having substituted a new voyage, for the one stipulated in the bond, the whole contract became thereby abrogated, at least as far as the sureties were concerned; or if not, that the terms of the condition of the bond were so far varied, that no action could be sustained by the plaintiffs, until the new voyage had terminated.
I do not think it necessary to consider how far it was competent for the defendants to set up a parol agreement to vary the terms of the bond,—though that question was much discussed at the bar,—as I am clearly of opinion, that the agreement alleged in the pleas did not affect or alter the contract of the parties, any farther than to preclude the plaintiffs from taking advantage of the deviation from the prescribed voyage. It amounted to nothing more than a permission that the vessel might deviate, and was, in no sense, an agreement that she should undertake a new voyage. It authorised a change" in the course of the voyage, but cannot, without doing manifest violence to the intention of the parties, be construed to extend the time for its performance.—■ The plaintiffs certainly, when they were granting, for a small additional premium, the liberty to deviate, which was asked by the defendants for their own security against the act of their principal, could never have supposed that they were substituting for a voyage of limited duration, one of indefinite extent as to time. Bnch a supposition is altogether extravagant. The true construction of the agreement set up in <hc pleas, is too plain to *40 admit of a doubt. That part of the condition of the bond then, which bound the defendants to pay the money at the expiration of eighteen months, in case a loss of the goods did not happen, remained unaffected by the new agreement; and that time having expired, and no loss of the goods being averred in the pleas, they are clearly no answer to the plaintiffs declaration, and must be overruled.

Judgment for the plaintiffs on the demurrers.

George W. Strong, Att'y. for the pltffs. W. Slosson, Att’y. for defts. Barclay, Chance and Bayard.]